

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-7-2007

# Wilkins v. Bittenbender

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2827

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Wilkins v. Bittenbender" (2007). *2007 Decisions.* Paper 1514.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1514

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**ALD-133**                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2827
_____

LEONARD WILKINS,

Appellant

v.

MR. BITTENBENDER, Discipline Hearing Officer,
FCI Allenwood; N. CARPER, Correctional Officer,
FCI Allenwood; BRENDA COZZA-KOZICKI, Case Manager,
FCI Allenwood; KATHY COOL, UNICOR Factory Forewoman,
FCI Allenwood; JOHN DOE #1, Health Services Department,
FCI Allenwood; JOHN DOE #2, assigned to the mail room,
FCI Allenwood; JOHN DOE #3, assigned to the mail room,
FCI Allenwood; JOHN DOE #4, assigned to the mail room,
FCI Allenwood; JOHN DOE #5, assigned to the mail room,
FCI Allenwood; JOHN DOE #7, assigned to the mail room,
FCI Allenwood; JOE DUBASCUS, Associate Warden of UNICOR,
FCI Allenwood; MR. FARLEY, DHO Officer, FCI Allenwood;
MR. HENNIGER, Correctional Officer, FCI Allenwood; VIOLA
HURSCH, Counselor, FCI Allenwood; J. LYONS, Lt., FCI Allenwood;
JOSEPH MCCLUSKY, Legal Advisor, FCI Allenwood; MR. SHEPARD, Lt.,
FCI Allenwood; STEVE TELFELSKI, UNICOR Factory Foreman, FCI
Allenwood; WARDEN S. A. YATES, Warden, FCI Allenwood;
JOHN DOE #6, assigned to the mail room, FCI Allenwood

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-02397)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
February 23, 2007


Before: SLOVITER, CHAGARES and NYGAARD, <u>Circuit Judges</u>.

(Filed:  March 7, 2007)


_____

OPINION
_____

PER CURIAM

Leonard Wilkins appeals from the District Court's order granting summary

judgment in favor of the defendants.  In his civil rights action, Wilkins alleges that

officials at the Allenwood Federal Correctional Institution (FCI-Allenwood) retaliated

against him for taking administrative action in response to a dispute with officials at the

facility's UNICOR factory concerning Wilkins' pay grade, position, and work

environment.[1]  In particular, Wilkins alleges that his First Amendment rights were

violated by the defendants' retaliatory acts, and that he was denied due process when he

lost his prison job, when he was moved into the prison's special housing unit, and during

his disciplinary hearings.  Wilkins also alleges that the defendants violated his Equal

Protection rights and his Eighth Amendment rights, and that they conspired against him.

In response to the complaint, the defendants filed a motion to dismiss the

_____

[1]Because we write for the parties, we do not set forth all of the facts of the case in
detail.

2

complaint or, alternatively, for summary judgment. Wilkins filed a response in opposition. The District Court entered summary judgment in the defendants' favor; this timely appeal followed.[2] Because the appeal lacks arguable merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II.

We agree substantially with the District Court's analysis. We write here to address Wilkins' Due Process challenge to his disciplinary hearings and placement in special housing. A prisoner cannot bring a constitutional tort suit which would challenge the validity of his conviction or sentence unless that conviction or sentence has first been invalidated. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). However, only claims which "necessarily implicate the fact or duration of" confinement are barred; claims that "relate to the conditions of incarceration" are not subject to Heck's favorable termination requirement. Torres v. Fauver, 292 F.3d 141, 145 (3d Cir. 2002).

Wilkins' complaint takes issue with three disciplinary hearings. At the first, the Disciplinary Hearing Officer (DHO) concluded that Wilkins had committed the offense of Unauthorized Use of Mail and sanctioned him by revoking his commissary and telephone privileges for a year. Although not a part of the DHO's sanction, Wilkins also was placed in special housing (administrative detention) from January 27, 2003, when the

---

[2] We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision to grant summary judgment. See Torres v. Fauver, 292 F.3d 141, 145 (3d Cir. 2002).

3

mail offense occurred, though December 16, 2003, the date of his eventual transfer to FCI-Otisville. This was done in order to prevent contact between Wilkins and the prisoner who informed the authorities that Wilkins had used that prisoner's mailing privileges. The second disciplinary hearing occurred as a result of Wilkins' possession of tobacco and matches, which are not authorized in special housing. Wilkins received a sanction of disciplinary segregation for 15 days, a 90-day revocation of visitation privileges, and a loss of 13 days of good conduct time. The third disciplinary hearing resulted from Wilkins' attempt to flush a lit cigarette down the toilet drain, for which he received a sanction of disciplinary segregation for 21 days, a 180-day revocation of visitation privileges, and a loss of 20 days of good conduct time. Because the loss of good conduct time affects the duration of Wilkins' confinement, Heck bars Wilkins' challenge to the second and third disciplinary hearings. See Edwards v. Balisok, 520 U.S. 641, 646-48 (1997). The fact that Wilkins has not specifically requested relief which would alter the term of his confinement is of no consequence. See Torres, 292 F.3d at 147 (noting that the prisoner in Edwards did not seek restoration of the good time credits he lost).

With regard to the first disciplinary hearing, Wilkins' due process claim is cognizable but does not have merit. Due process protection is not triggered unless there is a deprivation of a legally cognizable liberty interest. See Mitchell v. Horn, 318 F.3d 523, 531 (3d Cir. 2003). Although the Supreme Court has found that the loss of good

4

time credits entitles prisoners to appropriate due process, see Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974), the question of whether a sanction implicates a liberty interest is not answered by looking at good time credits alone. A liberty interest may also be present where a punishment entails an "atypical and significant hardship." Mitchell, 318 F.3d at 532 (citation omitted). Courts are required to look into this possibility. See id. at 533 n.6. In order to do so, a court should perform a fact-specific inquiry evaluating "the duration of disciplinary confinement and the conditions of that confinement in relation to other prison conditions." Id. at 532 (citation omitted).

Applying these criteria, we conclude that Wilkins has not shown that he had a liberty interest at stake. His loss of commissary and telephone privileges certainly do not qualify. Nor has he provided any evidence that the conditions during his stay in administrative segregation involved atypical or significant hardship. In addition, this Court has found that administrative detention for a longer period than that imposed upon Wilkins and housing in a more restrictive type of detention than that imposed upon Wilkins did not implicate the prisoner's liberty interests. See Smith v. Mensinger, 293 F.3d 641, 645, 654 (3d Cir. 2002) (seven months disciplinary confinement); Torres v. Fauver, 292 F.3d 141, 151-52 (3d Cir. 2002) (disciplinary detention for fifteen days and administrative segregation for 120 days); Griffin v. Vaughn, 112 F.3d 703, 706-09 (3d Cir. 1997) (fifteen months administrative detention).

We note that Wilkins' failure to show a liberty interest sufficient to trigger due

5

process protections does not mean that he cannot sustain a retaliation claim concerning the same hearings and sanctions.  See Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000) (retaliation may be actionable even when the retaliatory action does not implicate a liberty interest).  However, for the reasons explained by the District Court, Wilkins fails to establish a genuine issue of material fact regarding this or any other claim.

In sum, we conclude that the District Court properly granted the motion for summary judgment.  Because this appeal lacks merit, we will dismiss it pursuant to 28 U.S.C.§ 1915(e)(2)(B).